Clayton L. Everett, TSBN 24065212
NORRED LAW PLLC
515 E. Border St., Arlington, TX 76010
P: 817-704-3984, E: clayton@norredlaw.com
Attorney for Plaintiff Melody D. Phillips

# United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>ELIASER PEREZ and<br>CAROLINE NICOLE LOPEZ,<br><br>Debtors.<br><br>MELODY D. PHILLIPS,<br>Plaintiff,<br><br>vs.<br><br>CAROLINE NICOLE LOPEZ a/k/a CAROLINE LOPEZ-PEREZ and ELIASER PEREZ a/k/a ELIASER PEREZ, JR.,<br>Defendants. | Bankr. Case No. 26-42732-ELM7<br><br>Chapter 7<br><br>Adversary No. __________ |

## ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND FOR RELATED RELIEF

Plaintiff Melody D. Phillips ("Phillips") files this Complaint against Defendants Caroline Nicole Lopez a/k/a Caroline Lopez-Perez ("Lopez-Perez") and Eliaser Perez a/k/a Eliaser Perez, Jr. ("Perez") and states:

## SUMMARY OF CLAIMS

1. This adversary proceeding seeks a determination that debts owed to Phillips arising from fraud, deceptive conduct, misuse of residential construction funds, and intentional injury are excepted from Defendants' discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and, in the alternative to the extent established by the evidence, 523(a)(6).

2. Phillips also seeks a determination of Defendants' personal liability for their own fraudulent and deceptive conduct and, alternatively, their personal responsibility for obligations incurred through Perez Remodeling FTW, LLC ("Perez Remodeling") pursuant to applicable Texas law, including Tex. Bus. Orgs. Code §§ 21.223(b) and 101.002.

## PROCEDURAL AND JURISDICTIONAL BACKGROUND

3. This Complaint is being filed on September 21, 2026, the deadline established pursuant to Fed. R. Bankr. P. 4007(c).

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1334 and 157.

5. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

6. The related Chapter 7 case is In re Eliaser Perez and Caroline Nicole Lopez, Case No. 26-42732-ELM7, pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

7. Venue is proper pursuant to 28 U.S.C. §1409.

8. Phillips consents to entry of final orders and judgment by the Bankruptcy Court.

9. Plaintiff Melody D. Phillips is an individual residing in Tarrant County, Texas, and is a creditor of Defendants.

10. Defendant Caroline Nicole Lopez, also known as Caroline Lopez-Perez, is a debtor in Case No. 26-42732-ELM7.

11. Defendant Eliaser Perez, also known as Eliaser Perez, Jr., is a debtor in Case No. 26-42732-ELM7.

12. At all relevant times, Lopez-Perez was an owner, member, manager, officer, and/or agent of Perez Remodeling FTW, LLC and signed Phillips's construction contract on behalf of Perez Remodeling as its owner.

13. Lopez-Perez personally participated in the contracting, administration, communications, payment requests, accounting, and management of Phillips's remodeling project on behalf of Perez Remodeling and served as a principal communicator with Phillips concerning the project. Phillips contemporaneously directed written project concerns to both Defendants and specifically communicated with Lopez-Perez regarding conditions at the property and unfinished work. To the extent Lopez-Perez personally made, transmitted, authorized, concealed, or failed to disclose material information concerning the project, payments, insurance, performance, or disposition of project funds, she is personally responsible for her own tortious and deceptive conduct.

14. Perez personally supervised and managed work performed at Phillips's residence and acted as a manager, foreman, agent, and/or representative of Perez Remodeling.

**FACTUAL BACKGROUND**

15. In approximately April 2024, Phillips retained Perez Remodeling to repair and remodel her residence at **3729 Fleetwood Drive, Fort Worth, Texas 76123**, following significant water/flood damage.

16. On or about April 5, 2024, Perez Remodeling provided Phillips a written construction agreement governing the project, which Lopez-Perez signed on behalf of Perez Remodeling and under which the parties thereafter performed.

17. By July 14, 2024, Phillips's contemporaneous written accounting reflected payments to Perez Remodeling totaling $35,099. Through additions and changes to the project and later payments, Phillips presently estimates that she ultimately paid Perez Remodeling approximately $45,000, with the precise total and dates to be established from payment records and discovery.

18. Phillips made payments in reliance on representations by Lopez-Perez and Perez concerning the identity and quality of subcontractors, project progress, materials, insurance, use of funds, and Perez Remodeling's ability and intent to complete the work as promised.

**FALSE AND MISLEADING REPRESENTATIONS**

19. Before and during performance, Defendants represented that Perez Remodeling was licensed and insured and agreed that it would maintain general-liability insurance of not less than $1,000,000 per occurrence.

20. Phillips specifically inquired regarding insurance and relied upon the representation that Perez Remodeling was properly insured in selecting Perez Remodeling and permitting the work to proceed.

21. Perez represented that a particular cabinetmaker who was personally presented to Phillips and approved by her would fabricate and/or install the custom cabinetry for the project.

22. After Phillips had agreed to proceed based in material part upon that representation, Perez informed Phillips that the original cabinetmaker was unavailable and represented that a substitute cabinetmaker would perform work of the same or equivalent quality.

23. Phillips repeatedly requested information and drawings concerning the substitute cabinetmaker. Perez assured Phillips that the substitute would perform work comparable to that originally promised, and Phillips ultimately agreed to the substitution in reliance on those assurances.

24. Those representations were materially false. The substituted cabinetry was materially inferior, incomplete, defective, and inconsistent with the quality and design Phillips had been promised.

25. Among other things, cabinets were incomplete, improperly fabricated and installed, hardware failed, cabinetry deteriorated or came apart, and portions of the work required repair and replacement.

26. Defendants knew the foregoing representations were false, or made them recklessly and as positive assertions without knowledge of their truth, intending that Phillips continue the project and continue paying Perez Remodeling.

27. Phillips reasonably and justifiably relied upon those representations by retaining Perez Remodeling, permitting the work to continue, refraining from terminating the relationship earlier, and making additional payments.

**REPRESENTATIONS MADE TO OBTAIN ADDITIONAL FUNDS**

28. During construction, Perez Remodeling repeatedly requested additional or accelerated payments from Phillips.

29. On multiple occasions, Perez represented to Phillips that prompt or accelerated payment was necessary because Perez Remodeling needed funds to meet payroll. Perez Remodeling pressed Phillips for payments even before particular contractual stages were complete and while Phillips was awaiting insurance proceeds from Allstate.

30. In reliance on those representations and believing that the requested money was necessary to continue and complete her project, Phillips made payments to Perez Remodeling.

31. Despite those requests for prompt or accelerated payment and the substantial sums Phillips paid, significant contracted work remained incomplete or defective, and funds specifically designated for countertops were not returned after Phillips selected another vendor.

32. The precise receipt, control, deposit, transfer, and ultimate disposition of Phillips's payments are within Defendants' possession and control and will be the subject of discovery.

## THE COUNTERTOP DEPOSIT

33. Phillips paid a specifically designated deposit for countertop fabrication. Her July 14, 2024 contemporaneous written accounting reflected that deposit as approximately $2,400.

34. The parties' arrangement permitted Phillips to select another countertop vendor. After material problems developed in the remodeling project, Phillips exercised that right and selected another vendor.

35. Phillips demanded return of the countertop deposit after she selected another vendor and Perez Remodeling would no longer be supplying the countertops.

36. Perez Remodeling did not return the funds.

37. Perez Remodeling instead asserted, among other things, that approximately $800 should be retained for trash or debris disposal, notwithstanding Phillips's contemporaneous written objection that disposal was already included within the written construction agreement.

38. Perez Remodeling ultimately ceased communicating with Phillips without returning the countertop deposit.

39. Upon information and belief, the specifically designated countertop funds were not preserved or returned for their stated purpose, and the receipt, deposit, disposition, and use of those funds are matters peculiarly within Defendants' knowledge and will be established through discovery.

## INCOMPLETE AND DEFECTIVE PERFORMANCE

40. Perez Remodeling failed to complete the contracted project and never executed a certificate of completion.

41. The work that was performed included numerous substantial defects and unfinished items. Phillips's August 14, 2024 repair review documented, among other things, a missing kitchen

cabinet and toe kick, chipped and rough cabinet surfaces, splitting cabinet paint, drywall repairs, unfinished bathroom tile sealing, an uninstalled toilet and shower door, unfinished baseboard and caulking work, paint on floors and fixtures, unreinstalled smoke detectors, and remaining debris.

42. The project also caused damage to property outside the contracted repair work, including scratches to newly installed bathroom flooring, damage to newly installed living-room flooring after an old toilet was left there and leaked, and damage to the guest-bathroom tub from construction material. Perez acknowledged at least some of the flooring damage and represented that his workers would perform replacement labor, but the repair was not completed.

43. Despite Phillips's repeated written and oral notice of defects, unfinished work, cleanup issues, and requests for completion or correction, Defendants ceased meaningful performance and ultimately stopped responding. Phillips has suffered damages including amounts paid for work or materials not provided, costs to repair and complete defective or unfinished work, damage to other property, loss of use, and related damages, all in an amount to be proven at trial.

## COUNT I – FRAUD / FRAUDULENT INDUCEMENT

44. Phillips incorporates the preceding paragraphs.

45. Perez personally made material representations to Phillips concerning, among other things, the cabinetmaker who would perform the work, the quality of any substitute cabinetmaker, project performance, and the need for prompt or accelerated payments.

46. Lopez-Perez personally participated in the contracting, administration, communications, accounting, and management of Phillips's project and, to the extent established by the evidence, personally made, transmitted, authorized, concealed, or failed to disclose material information concerning the project, payments, insurance, performance, and disposition of project funds.

47. The actionable representations and omissions described above were false or misleading when made or omitted, were known to be false or misleading or were made recklessly without knowledge of their truth, and were made or concealed with the intent that Phillips act upon them.

48. Phillips relied upon those representations and omissions by entering or continuing the transaction, permitting Perez Remodeling to continue work, refraining from terminating the relationship earlier, and paying money she otherwise would not have paid.

49. Phillips suffered actual damages as a direct and proximate result.

50. Perez and Lopez-Perez are each personally liable for tortious and deceptive conduct in which they individually participated, regardless of whether they acted through Perez Remodeling.

**COUNT II – TEXAS DECEPTIVE TRADE PRACTICES ACT**

51. Phillips incorporates the preceding paragraphs.

52. Phillips is a consumer who sought and acquired residential construction, repair, and remodeling services.

53. Perez personally participated in, and Lopez-Perez personally participated in and/or caused Perez Remodeling to engage in, false, misleading, and deceptive acts and failures to disclose material information, including representations concerning the characteristics, standard, quality, and benefits of the remodeling services and representations concerning obligations undertaken in the construction agreement.

54. Those acts and omissions were producing causes of Phillips's damages.

55. To the extent established by the evidence, Defendants acted knowingly and/or intentionally.

56. Phillips seeks all remedies available under Tex. Bus. & Com. Code § 17.50, including actual economic damages, any additional damages allowed by law, reasonable and necessary attorney's fees, costs, and other recoverable relief.

**COUNT III – PERSONAL LIABILITY / ACTUAL FRAUD VEIL PIERCING**

57. Phillips incorporates the preceding paragraphs.

58. Alternatively to Defendants' direct tort liability, Perez Remodeling incurred obligations to Phillips arising from the foregoing residential construction transaction.

59. Lopez-Perez and/or Perez exercised ownership, management, direction, and control over Perez Remodeling and caused the company to be used to obtain and retain Phillips's money through actual fraud.

60. Defendants caused Perez Remodeling to be used for the purpose of perpetrating, and Perez Remodeling did perpetrate, an actual fraud upon Phillips in connection with the construction transaction.

61. Such conduct involved dishonesty of purpose and an intent to deceive Phillips into entering, continuing, and funding the remodeling project.

62. Upon information and belief, Lopez-Perez and/or Perez derived direct personal benefits from the actual fraud perpetrated through Perez Remodeling, the nature and extent of which are peculiarly within Defendants' possession and control, including through their receipt, control, disposition, or distribution of funds obtained from Phillips. Phillips seeks discovery concerning the flow of those funds and Defendants' personal receipt or benefit therefrom.

63. Accordingly, pursuant to Tex. Bus. Orgs. Code §§21.223(b) and 101.002, Defendants are personally responsible for the obligations and resulting debt arising from Perez Remodeling's actual fraud against Phillips.

**COUNT IV – TEXAS CONSTRUCTION TRUST FUND ACT**

64. Phillips incorporates the preceding paragraphs.

65. Phillips's payments were construction payments made under a construction contract for improvement of specific real property in Texas and constituted trust funds pursuant to Chapter 162 of the Texas Property Code.

66. As the property owner in connection with a residential construction contract, Phillips was a statutory beneficiary of the construction trust funds.

67. Lopez-Perez and/or Perez received such construction payments or, as officers, owners, managers, or agents of Perez Remodeling, exercised control or direction over the trust funds and therefore acted as statutory trustees.

68. The contract was a written contract exceeding $5,000 for improvements to Phillips's residential homestead, requiring Perez Remodeling to deposit construction trust funds into a designated construction account and maintain the records required by Tex. Prop. Code §§ 162.006-.007.

69. Upon information and belief, Defendants intentionally or knowingly, or with intent to defraud, retained, used, disbursed, or otherwise diverted construction trust funds without first satisfying obligations for which those funds were held, including obligations concerning the specifically designated countertop funds.

70. The precise disposition of Phillips's construction trust funds is within Defendants' knowledge and control and will be established through discovery. To the extent those funds were diverted to purposes not permitted by Chapter 162 of the Texas Property Code, such use constituted a misapplication of trust funds.

71. Phillips seeks actual damages and all other remedies available as a result of the statutory breach.

**COUNT V – NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

72. Phillips incorporates the preceding paragraphs.

73. Defendants obtained money and property from Phillips through false pretenses, false representations, and/or actual fraud, directly and through the conduct described above.

74. Perez personally made material misrepresentations with knowledge of their falsity or reckless disregard for their truth and with intent to induce Phillips to enter or continue the construction transaction and make payments. Lopez-Perez is liable to the extent she personally participated in, authorized, transmitted, concealed, or is otherwise liable under applicable nonbankruptcy law for the fraudulent conduct giving rise to the debt. To the extent either Defendant is liable under applicable law for a debt obtained through the fraud of the other Defendant or Perez Remodeling, that debt is likewise excepted from discharge under § 523(a)(2)(A).

75. Phillips justifiably relied upon those representations and sustained damages.

76. The debt arising from such conduct is excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

**COUNT VI – NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)**

77. Phillips incorporates the preceding paragraphs.

78. By operation of Texas Property Code Chapter 162, Defendants who received, controlled, or directed Phillips's construction trust funds acted in a fiduciary capacity with respect to those funds.

79. To the extent established by the evidence, Defendants committed fraud or defalcation while acting in that fiduciary capacity by intentionally, knowingly, or with the culpable state of mind required by law misapplying construction trust funds from their permitted purposes.

80. Alternatively, to the extent Defendants lawfully obtained possession of funds specifically entrusted for identified project purposes and thereafter fraudulently appropriated those funds for an unauthorized use, such conduct constituted embezzlement within the meaning of § 523(a)(4).

81. The resulting debt is excepted from discharge under 11 U.S.C. §523(a)(4).

**COUNT VII – NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

82. Phillips incorporates the preceding paragraphs.

83. To the extent shown by the evidence, Defendants deliberately engaged in conduct that they knew was substantially certain to cause financial or property injury to Phillips, including knowingly taking or retaining specifically entrusted money or knowingly inducing additional payments under circumstances substantially certain to cause the resulting injury. This claim is pleaded in the alternative to Phillips's claims under §§ 523(a)(2)(A) and 523(a)(4).

84. Defendants' conduct was willful and malicious and resulted in injury to Phillips and her property.

85. The resulting debt is therefore excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

**ATTORNEY'S FEES**

86. Phillips seeks reasonable and necessary attorney's fees where recoverable under applicable Texas substantive law, including the Texas DTPA, together with a determination that any fee obligation arising from Defendants' nondischargeable conduct is itself nondischargeable to the extent provided by law.

WHEREFORE, Plaintiff Melody D. Phillips respectfully requests that the Court determine the amount of the debt owed to her by Defendants Caroline Nicole Lopez a/k/a Caroline Lopez-Perez and Eliaser Perez a/k/a Eliaser Perez, Jr., determine that such debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4), and, alternatively, pursuant to § 523(a)(6) to the extent established by the evidence; enter judgment establishing Defendants' direct and/or derivative personal liability; award Phillips her actual damages, all remedies available under the Texas Deceptive Trade Practices Act, reasonable and necessary attorney's fees to the extent authorized by law, prejudgment and postjudgment interest, taxable costs, and all other amounts recoverable under applicable law; and grant Phillips such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Melody Phillips